# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL L. GROS, M.D. and JANIE GROS; ANDREW MICHAEL GROS; THOMAS ALAN GROS; and all other similarly situated | § § § § § | |
| **Plaintiffs,** | § | |
| VS. | § | CIVIL ACTION NO. H-04-4665 |
| | § | |
| THE UNITED STATES OF AMERICA, | § § § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Plaintiffs Michael L. Gros and Janie Gros, and their children Andrew Michael and Thomas Alan, bring this suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, claiming negligence, nuisance, and trespass[1] arising from their consumption of allegedly contaminated tap water at the Camp Lejeune Marine Corps Base in North Carolina. Janie Gros also asserts a claim derivative of the claims of Michael Gros. Defendant the United States of America ("United States") has filed a motion for partial dismissal for lack of subject matter jurisdiction. The motion seeks dismissal of all claims by Michael Gros and all claims derivative thereof. It also challenges Plaintiffs' request for the cost of establishing a public health fund, on the ground that it is a demand for injunctive relief, which is not authorized by the FTCA. The motion further contends that Plaintiffs' jury demand is impermissible under the FTCA.

---

[1] Plaintiffs' Complaint also asserts claims for fraud and assault and seeks class certification. In their Response to Defendant's motion for partial dismissal, however, Plaintiffs concede that they cannot establish subject matter jurisdiction over the fraud and assault claims and that they have not satisfied the requirements for class certification. Accordingly, the Court will not discuss those claims.

Plaintiffs maintain that this Court has subject matter jurisdiction over Michael Gros's claims and claims derivative thereof, and that the request for the cost of establishing a public health fund is a request for damages and is therefore allowable under the FTCA. They also contend that, although they do not have the right to a jury trial under the FTCA, this Court should use its discretion to empanel an advisory jury. After considering the parties' filings and the applicable law, the Court finds as follows: (1) by agreement of the parties, Defendant's motion for partial dismissal is **GRANTED** as to Plaintiffs' fraud and assault claims and Plaintiffs' request for class certification; (2) Defendant's motion is **GRANTED** as to all of Michael Gros's claims, Janie Gros's derivative claim, and Plaintiffs' request for recovery of the costs of establishing a public health fund; and (3) Defendant's motion is **DENIED** as to Plaintiffs' request that the Court empanel an advisory jury. Defendant's request to brief the jury issue is read as a motion for leave to file a brief; that motion is **GRANTED**.

I.      **BACKGROUND**

Plaintiffs lived at Marine Corps Base Camp Lejeune, where Michael Gros worked as an obstetrician-gynecologist, from July 1980 to July 1983. During that time, Plaintiffs drank, cooked with, and bathed in tap water that was allegedly contaminated by toxic chemicals. Plaintiffs claim that Defendant knew of the contamination and failed to correct it or to warn Plaintiffs of the risk posed for developing cancer and other illnesses due to exposure to the chemicals. Further, Plaintiffs contend that Defendant affirmatively misrepresented the water as safe.

After leaving the base, Michael Gros developed T-cell leukemia, T-cell lymphoma, and other physical ailments. Thomas A. Gros claims to suffer from

congenital leg deformities, a severe skin rash at birth, attention deficit disorder (ADD), and headaches as a result of his ingestion, both in vitro and as an infant, of the contaminated water. Janie Gros and Andrew Michael Gros claim that they have suffered, and continue to suffer, severe emotional distress and anguish. Plaintiffs claim that all of these injuries were caused by their exposure to the contaminated water at Camp Lejeune. They seek damages on theories of negligence, nuisance, and trespass.

## II.     ANALYSIS

### A.     Michael Gros's Claims and Claims Derivative Thereof

Defendant argues that this Court lacks subject matter jurisdiction over claims by Michael Gros, and any derivative claim based upon his claims, because his alleged injuries occurred while he was on active duty in the Marine Corps. The Supreme Court has held that "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950); *see also Schoemer v. United States*, 59 F.3d 26, 28 (5th Cir. 1995).[2] Plaintiffs contend that Michael Gros's injuries did not arise from activities "incident to service," because they resulted from his consumption and use of water at his home during off-duty hours.

In this circuit, a court determining whether an injury was incident to military service must consider the totality of the circumstances surrounding the injury. *Schoemer*, 59 F.3d at 28. "In particular, [the Court] consider[s]: (1) the serviceman's duty status; (2) the site of his injury; and (3) the activity he was performing." *Id.* The first element, duty status, is often dispositive. *Id.* at 29. In contrast to a soldier on furlough or leave at the

---

[2] The *Feres* doctrine bars even claims for latent injuries, which manifest themselves only after discharge, if they arise from events occurring during active service. *See Gaspard v. United States*, 713 F.2d 1097, 1100-01 (5th Cir. 1983).

time of his or her injury, who may generally bring an FTCA action, "[o]ne with only an unexercised right to a pass or who is only off duty for the day usually is held to be acting 'incident to service.'" *Hall v. United States*, 130 F. Supp. 2d 825, 827 (S.D. Miss. 2000) (quoting *Feres*, 340 U.S. 135).

The events alleged to have given rise to Michael Gros's injuries are quite similar to those of *Feres*. In each case, the injuries occurred in the serviceman's home, on military property, during off-duty hours, but not during a period of leave or furlough. *See Feres*, 340 U.S. at 137. The Supreme Court in *Feres* held that the serviceman's injury, which was caused by a fire in his barracks while he was sleeping, was incident to service. Michael Gros's injury, arising from the use of contaminated water in his home, is legally indistinguishable from the *Feres* injury. Therefore, Michael Gros's claims, and Janie Gros's derivative claim, fail for lack of subject matter jurisdiction.

### B.     The Demand for Costs of a Public Health Fund

Plaintiffs request relief in the form of, *inter alia*, the cost of setting up a public health fund to study the effects of human exposure to chemicals of the sort that are claimed to have caused Plaintiffs' injuries. (Compl. at 18.) Defendant characterizes this demand as a request for injunctive relief, which is concededly unavailable under the FTCA. (Def.'s Mem. at 18.) Plaintiffs argue that the demand is in fact a request for damages and that it finds support in case law authorizing the award of medical monitoring costs under the FTCA. (Pls.' Resp. at 6-7.)

The primary case cited by Plaintiffs for the proposition that medical monitoring costs are recoverable under the FTCA is *Redland Soccer Club, Inc. v. Dep't of the Army*, 55 F.3d 827 (3d Cir. 1995). *Redland Soccer Club*, however, makes clear that a plaintiff

seeking the cost of medical monitoring must demonstrate that his or her injury has increased *his or her* likelihood of contracting a serious disease, such that monitoring is reasonably necessary. *Id.* at 845-46. Plaintiffs' requested relief, in contrast, is for the benefit of the "public health," not for the prevention of future harm to Plaintiffs themselves. It cannot, therefore, properly be characterized as medical monitoring.

Instead, the requested relief takes the form of a research fund. As the United States District Court for the Western District of New York noted in a case involving a demand for a fund to gather and disseminate information about injuries resulting from exposure to benzene, "[a] court-administered fund[,] which goes beyond payment of the costs of monitoring an individual plaintiff's health to establish pooled resources for the early detection and advances in treatment of the disease[,] is injunctive in nature." *Gibbs v. E.I. DuPont De Nemours & Co.*, 876 F. Supp. 475, 481 (W.D.N.Y. 1995).

Plaintiffs insist that they are requesting not the establishment of a court-supervised program but merely the cost of such a program. (Pls.' Surreply at 3.) This is, however, a distinction without a difference. Whether or not the Court implements the fund, the impact of the requested relief on *Defendant* remains the same: it will be required to underwrite an ongoing, broad-based program that is intended to benefit persons other than Plaintiffs. Such relief is properly characterized as equitable, not legal. Because equitable relief is not available under the FTCA, Plaintiffs' demand for the costs of establishing a public health fund must be dismissed for lack of subject matter jurisdiction.

## C.    The Request for an Advisory Jury

Plaintiffs concede that they do not have a right to trial by jury under the FTCA but urge the Court to use its discretion to empanel an advisory jury. (Compl. at 18.) Defendant argues that an advisory jury is impermissible, because the FTCA affirmatively prohibits jury trials. (Def.'s Mem. at 18-19.) And, indeed, the language of the FTCA is seemingly clear: "[A]ny action against the United States . . . *shall be tried by the court without a jury*." 28 U.S.C. § 2402 (1997) (emphasis added). Defendant cites case law supporting the conclusion that trial by jury is prohibited in FTCA cases. *See Carlson v. Green*, 446 U.S. 14, 22 (1980) (noting that "a plaintiff cannot opt for a jury in an FTCA action"); *United States v. Neustadt*, 366 U.S. 696, 701 n.10 ("There is no right to a jury trial under the Tort Claims Act.").

As Plaintiffs point out, however, the Court may empanel an advisory jury even in cases where there is no *right* to a jury trial. (*See* Pls.' Resp. at 7.) The Fifth Circuit has approved the use of an advisory jury in an FTCA case. *Moyer v. Martin Marietta Corp.*, 481 F.2d 585, 590-91 (5th Cir. 1973). A verdict by such a jury does not change the character of the proceeding, which remains a bench trial. *Id.* at 587 ("Inasmuch as the verdict was purely advisory, the trial judge was required to make an independent decision as to the issues against the United States.") (emphasis omitted). This Court thus has the authority to empanel an advisory jury.

Defendant has requested additional briefing on this issue before the Court decides whether to empanel an advisory jury. That request is read as a motion for leave to file a brief addressing the issue, and that motion is granted. Defendant shall file its brief within

30 days of the date of this Order. Plaintiffs shall respond within 20 days. If Defendant wishes to reply to Plaintiffs' Response, it must request leave from the Court to do so.

**CONCLUSION**

By agreement of the parties, Defendant's motion to dismiss is **GRANTED** as to Plaintiffs' fraud and assault claims and request for class certification. Defendant's motion is also **GRANTED** as to all of Michael Gros's claims, Janie Gros's derivative claims, and Plaintiffs' request for recovery of the costs of establishing a public health fund. Defendant's motion is **DENIED** as to Plaintiffs' request for an advisory jury. Defendant's request for additional briefing on the issue is read as a motion for leave to file a brief, and that motion is **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 27th day of September, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**